**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| LEWIS B. MCKENZIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00926-O-BP |
| | § | |
| KELLI M. MCKENZIE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is an action seeking injunctive relief connected to an ongoing state court proceeding. ECF No. 1. *Pro se* plaintiff Lewis Brooks McKenzie sued numerous defendants alleging federal law violations arising from the state court litigation, which concerns custody of Mr. McKenzie's minor child. *Id.* at 5. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and alternatively, because the Court should abstain from hearing the case under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971).

I.      **BACKGROUND**

Lewis McKenzie ("Mr. McKenzie") asks the Court to order the removal of his minor son from custody of the child's biological mother, Kelli McKenzie ("Ms. McKenzie"). *Id.* In November 2018, Judge Kenneth Newell, of the Family Court for the 233rd District of Texas, awarded custody of the child to Ms. McKenzie, in a decision Mr. McKenzie characterizes as "wrongfully ordered." *Id.* at 5. That custody decision spawned a three-year state court proceeding in which Mr. McKenzie alleges:

> Tarrant County District Judges Kenneth Newell and Kate Stone and officers of the court, along with employees of the State of Texas, and private citizens [related to the case] for almost 3 years have repeatedly, individually and in concert, violated Federal Law and the [] US Constitution. Due to these claims, the plaintiff(s) have endured years of verbal and emotional abuse, severe mental trauma, abuse by the courts, financial ruin, and utter lack of Due Process, to name but a few of the offenses.

*Id.* On August 5, 2021, Mr. McKenzie sued Ms. McKenzie and sixty-one other defendants, seeking injunctive relief and alleging violations of his state and federal constitutional rights. *Id.*

Mr. McKenzie's Complaint asked the Court to "immediately remove the minor child involved from the Mother's custody . . . as wrongfully ordered by Tarrant County." *Id.* at 5. In addition to the request for injunctive relief, the Complaint referenced damages that have arisen out of the underlying custody dispute. *Id.* Along with the Complaint, McKenzie filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), which the Court granted on August 30, 2021, subject to additional screening under 28 U.S.C. § 1915(e)(2). ECF No. 5.

As part of that screening, the Court issued Mr. McKenzie a Show Cause Order, dated October 7, 2021, which ordered Mr. McKenzie to "file a response containing a written statement of the grounds for federal jurisdiction in this matter **on or before October 28, 2021**." ECF No. 6 at 3. That Order warned Mr. McKenzie that failure to comply "may result in a recommendation that [his] case be dismissed without prejudice for lack of subject matter jurisdiction." *Id.* To date, Mr. McKenzie has not complied with that Order or made any other filings in this case.

## II.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th

Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine

whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*,

526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th

Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

A federal court has subject matter jurisdiction over civil cases "arising under the

Constitution, laws, or treaties of the United States," and civil cases in which the amount in

controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists

between the parties. 28 U.S.C. §§ 1331, 1332. Absent jurisdiction conferred by statute or the

Constitution, federal district courts lack power to adjudicate claims and must dismiss actions where

subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151

(5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction

depends must be alleged affirmatively and distinctly and cannot be established argumentatively or

by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988)

(citations omitted). As such, Federal Rule of Civil Procedure 8 requires that subject matter

jurisdiction be established in a "short and plain statement" on the face of the complaint. Fed. R.

Civ. P. 8(a)(1). The complaint must establish a right to relief in federal court by stating "enough facts to

state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above

the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A relaxed version of this

standard exists for *pro se* plaintiffs. A *pro se* complaint, "'however inartfully pleaded,' must be held to 'less

stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106

(1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, when a *pro se* complaint fails to invoke

federal jurisdiction, the courts may infer such jurisdiction where the facts as alleged give rise to a reasonable inference in favor of federal jurisdiction. *Id.*

Even when subject matter jurisdiction is uncontested, federal courts should abstain from hearing certain types of cases. Federal courts generally are obliged to decide cases within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (2013)) (internal quotation marks omitted). Like subject matter jurisdiction, federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may raise the issue *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

III.   **ANALYSIS**

   A.   **The Court lacks subject matter jurisdiction over this case.**

Federal courts cannot proceed to a case's merits without subject matter jurisdiction, which is why the first requirement of Federal Rule of Civil Procedure 8 is "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). To establish that federal jurisdiction is proper, the face of the complaint must allege a cause of action "arising under the Constitution, laws, or treaties of the United States," or demonstrate that the amount in controversy

exceeds $75,000 and the parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331, 1332. *Pro se* pleadings are liberally construed such that a Court can infer jurisdiction if the pleadings give enough information to evidence that federal jurisdiction is proper. *Estelle v. Gamble*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). "Simply put, in order for Plaintiff's *pro se* suit to survive in the District Court under federal question jurisdiction, allegations asserting a federal cause of action must appear on the pages of Plaintiff's complaint." *Jones v. Gonzales*, No. MO-12-cv-00005, 2013 WL 12130358, at *3 (W.D. Tex. Feb. 28, 2013), *rec. adopted*, No. MO-12-cv-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013).

Such factually supported allegations are absent from Mr. McKenzie's Complaint, meaning there was no federal question jurisdiction under 28 U.S.C. § 1331 when he filed this suit. *See* ECF No. 1 at 5. In an attempt to establish federal question jurisdiction, the Complaint adopted a "kitchen sink" approach, asserting myriad federal legal authorities but failing to articulate how any of them were applicable to the facts Mr. McKenzie alleges. *Id.* In relevant part, Mr. McKenzie's Complaint stated: "As Pro Se, I claim that plaintiff(s) are protected under the Color of Law, Hobbs Act, and freedom for violations of Civil Rights as protected under the Constitution of the United States Constitutional Amendments." *Id.* Elsewhere the Complaint asserted as its federal basis:

> US Amendments I, IV, V, VI, VIII, X, X IV. Hobbs Act under 18 U.S.C. § 5105-5106 CAPTA (1976). H.R. 3366 – Child Endangerment & Abuse Act (1993). Title 18 U.S.C. Section 242 Color of Law, 18 U.S.C. 3571. 28 U.S.C. 3002(15). 32 FCR 536.77(A)(3)(VII). 42 CFR 488.301, 18 U.S.C. 1621, 42 U.S.C. 1983, 1985, 1986. Defamation of Character, Slander, Chap. 2b 78FF. 18 U.S. Code § 241. 18 U.S. Code § 1001[.]

*Id.* at 3. Because the Complaint did not offer enough information to connect Mr. McKenzie's claims to the legal authorities cited, even when liberally construed, the Court sent a jurisdictional Show Cause Order on October 7, 2021. ECF No. 6. The Court warned Mr. McKenzie that non-

compliance with that Order would lead to a recommendation that his case be dismissed for lack of subject matter jurisdiction, and indeed such dismissal is appropriate here. *Id.*

Most of Mr. McKenzie's allegations concern matters of state law, and the federal claims he attempts to raise lack factual support. In the absence of basic factual grounds for his federal claims, the Court is left with "conclusory statements" insufficient to establish subject matter jurisdiction. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). That is why the Court issued its October 7 Order. However, in the absence of a response to that Order, the Court is left with a Complaint that does not establish federal jurisdiction and fails to plead "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

The only federal authority referenced in the Complaint that might provide a colorable cause of action in this matter is 42 U.S.C. § 1983, which corresponds to Mr. McKenzie's allegation that "Tarrant County District Judges Kenneth Newell and Kate Stone and officers of the court, along with employees of the State of Texas, and private citizens [connected to the case] . . . have repeatedly, individually and in concert, violated . . . the US Constitution." ECF No. 1 at 5. But that § 1983 claim is meritless without minimal factual assertions to render it plausible. *See Johnson v. Cty of Shelby, Miss.*, 574 U.S. 10, 10-13 (2014); *Iqbal*, 556 U.S. at 678. Accordingly, Judge O'Connor should dismiss this case without prejudice for lack of subject matter jurisdiction. *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020) (dismissals for lack of subject matter jurisdiction are without prejudice).

**B.      The Court should abstain from considering Mr. McKenzie's claims.**

Even if Mr. McKenzie's Complaint stated sufficient facts to establish subject matter jurisdiction, his case should nevertheless be dismissed. Mr. McKenzie's case implicates the third

"exceptional circumstance" when *Younger* abstention is proper: "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 72.  Federal courts consistently abstain from ruling on cases that are inextricably connected to the important state interest of child custody. *See, e.g.*, *Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at \*3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, No. 3:18-cv-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated a Texas child support and custody order); *Machetta v. Moren*, No. 4:16-cv-2377, 2017 WL 2805192 (S.D. Tex. Apr. 13, 2017), *rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017) (abstaining under *Younger* from ruling on father's challenge to judicial procedures used in custody case under facts virtually identical to the present matter); *Karl v. Cifuentes*, No. 15-cv-2542, 2015 WL 4940613, at \*4 (E.D. Pa. Aug. 13, 2015) ("Custody cases are particularly appropriate for *Younger* abstention.").

When applicable, *Younger* requires abstention when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these conditions are met, the Court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982).

The Court should abstain here because all three conditions are met. Continuation of this case would interfere with ongoing state court proceedings because the very relief Mr. McKenzie requests interferes with the state's custody decree. *See* ECF No. 1 at 5-6. The pendency of an action

in state court is not, by itself, reason for a federal court to decline to exercise otherwise valid jurisdiction. *Sprint*, 571 U.S. at 73. However, because the relief Mr. McKenzie requests necessitates intervention in the state proceeding, exercising federal jurisdiction in this matter would effectively hijack the proceeding from the state court. As for the second condition, the regulation of child custody is an important state interest. *Marlett*, 2018 WL 5723163, at \*3 (citing *Paprock v. Brown*, No. A-15-cv-1073-LY, 2015 WL 12734166, at \*2 (W.D. Tex. Dec. 7, 2015), *rec. adopted in part*, 2016 WL 6635745 (W.D. Tex. Mar. 14, 2016)). The pending state court actions, and the right to appeal adverse judgments to the applicable state appellate court, afford Mr. McKenzie an adequate opportunity to litigate his claims. *See Middlesex Cty.*, 457 U.S. at 435; *Paprock*, 2015 WL 12734166, at \*2 (dismissing a similar case under *Younger* and *Middlesex County*). While Mr. McKenzie makes serious allegations of potential child abuse in this matter, he should address those issues to law enforcement and the state court that issued the initial custody decree, not a federal court unrelated to the proceeding.

The applicability of *Younger* is not absolute. The Fifth Circuit has identified three exceptions where the doctrine, though otherwise applicable, should not be invoked: (1) cases involving bad faith or harassment; (2) litigation concerning a flagrantly unconstitutional statute; and (3) instances where the doctrine's application was waived. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Because none of those exceptions applies here, the Court should abstain under *Younger* and dismiss this case without prejudice. *Salas v. Waybourn*, No. 4:19-cv-236-O, 2019 WL 6717095 (N.D. Tex. Dec. 10, 2019) (*Younger* dismissals are without prejudice).

## IV.   CONCLUSION

The Court should dismiss this case without prejudice for lack of subject matter jurisdiction and because the facts call for abstention under the *Younger* doctrine. For these reasons, the

undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Objections must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 2, 2021.


_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE